IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES BELL MCCOY, SR., 1299701,	) | |
|     Petitioner,	) | |
| 	) | |
| v.	) | No. 3:13-CV-878-K |
| 	) | |
| RICK THALER, Director, TDCJ,	) | |
|     Respondent.	) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:**  This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:**  Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID").  Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:**  Petitioner challenges his conviction for aggravated sexual assault of a child.  *State of Texas v. James Bell McCoy*, No. F-02021185-KV.  He was sentenced to thirty-five years confinement.  On August 13, 2007, the Fifth District Court of appeals affirmed the conviction and sentence.  *McCoy v. State*, No. 05-05-00458-CR (Tex. App. – Dallas 2007) (unpublished).  Petitioner did not file a petition for discretionary review.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

On November 15, 2007, Petitioner filed a state petition for writ of habeas corpus. *Ex parte McCoy*, No. 69,810-04. On October 29, 2008, the Court of Criminal Appeals denied the petition on the findings of the trial court.

On February 24, 2009, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254. *McCoy v. Thaler*, 3:09-CV-405-K (N.D. Tex.). On October 3, 2011, the Court denied the petition on the merits.

On November 5, 2012, Petitioner filed a second state habeas petition. (Pet. at 4.) On January 30, 2013, the Court of Criminal Appeals denied the petition without written order. (*Id.*)

On February 21, 2013, Petitioner filed the instant § 2254 petition. He argues: (1) he received ineffective assistance of counsel when counsel advised him to decline the plea offer and proceed to trial; and (2) the state habeas court violated his right to due process when it failed to hold a hearing on his claims.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**                -2-

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 18th day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).